FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 JUL 10 AM 9: 0
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PAUL SAPEU,

    Plaintiff,

v.     604CV129

JIMMY BLAND, ROBERT VILLEGAS, DR. ZELLNER YOUNG, DAWN SMITH, ERIC SMOKES, and DANE DASHER,

    Defendants.

## ORDER

In light of the late-filed Answer in this case, doc. # 68, the Court vacated its Pretrial and Trial Orders (doc. ## 71, 72) removed this case from its 2/20/07 Trial Calendar, # 73, denied other motions without prejudice, and re-referred the case back to the Magistrate Judge (MJ) for further proceedings. Doc. # 78.

Meanwhile, the Clerk has posted as a motion (doc. # 74) Sapeu's request for exhibits (he had sent in a money order for copies of exhibits he felt that he will need for trial). The Court denied that motion and presumed that Sapeu would not want those exhibits at that time, since trial had been postponed. Doc. # 78. So, it directed the Clerk to return Sapeu's money order to him. *Id.* It did inform Sapeu, however, that he "may purchase ... as many documents as he wants whenever he wants by writing the Clerk directly and enclosing payment for 50 cents per requested page." *Id.*

Sapeu now complains that he had since tried to purchase those exhibits but that the Clerk has sent his $50 money order back to him. Doc. # 89 at 2-4. He "objects" (thus appeals from) an MJ Order denying him relief on that score. Doc. # 89. The Court **GRANTS** Sapeu's motion (doc. # 89) and directs the Clerk to accept his payment to purchase whatever copies of the record he wants.[1] The MJ, in the meantime, shall continue to process this aging case and promptly report when it is ready for trial.

Finally, the Court has amended the caption of this case to reflect the current lineup of defendants, including their full names as culled from the record (prior captions have included only the last names of various defendants). All future filings shall conform.[2]

This 10th day of July, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Because the Clerk cannot "make change" and thus send money back to Sapeu when he sends in an overpayment to cover his copying costs, the Clerk shall send him, free of charge, a copy of this case's docket sheet. Sapeu can then circle what he wants and send it back to the Clerk. The Clerk can then count up the pages of each document circled and advance-invoice Sapeu, who will then be free to send in payment for that exact amount. Finally, the Clerk shall send whatever overpayment it receives in the meantime (Sapeu has been adamant about sending checks in, demanding copies).

[2] This is not the first time that the Court has had to struggle with omitted, critical information in a case. *See, e.g., Palmer v. Simmons*, 604CV075, doc. # 132 at 1 (S.D.Ga. 2/21/07) (unpublished) (directing counsel to confirm the proper spelling of his client's name); *Brown v. Johnson*, 603CV071, doc. # 142 at 2 n. 1 ("The Court thus directs attorneys and MJ's in these cases to promptly ascertain those full names and place them on the caption at the start of these cases"). It goes without saying that a Court's final judgment in a case will be of dubious value if the winning and losing party cannot be verified. *See, e.g., Brown*, doc. #142 at 1-2 (explaining that the Court cannot enter judgment for "Dr. Jones" but instead requires the doctor's *full* name). Thus, where a caption omits a parties' full name, counsel and the MJ shall endeavor to fill-it-in at the earliest possible opportunity.