FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP 10 PM 3: 21

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PAUL SAPEU,

Plaintiff,

v.   604CV129

JIMMY BLAND, ROBERT VILLEGAS, DR. ZELLNER YOUNG, DAWN SMITH, ERIC SMOKES, and DANE DASHER,

Defendants.

## ORDER

This is a 42 U.S.C. § 1983 case in which inmate-plaintiff Paul Sapeu alleges, *inter alia*, Eighth Amendment violations against prison officials for their deliberate indifference to his serious medical needs.[1] Doc. ## 1, 13, 16, 30. Faced with a 9/18/07 trial date, *see* doc. # 93 (8/8/07 Order directing him to identify and provide relevancy/locatability showings for his witnesses, and also furnish the Court with his exhibit list -- by 8/27/07), he now moves the Court for (a) a "Motion to Produce Witnesses and Introduce Exhibits," doc. # 101 (filed 8/29/07 but signed and dated by him on 8/16/07); (b) a supplemental motion *in limine*, doc. # 103; (c) a "motion for access to the court," doc. # 104; and (d) a "motion to object to the Magistrate Judge's order dated 8/17/07." Doc. # 105.

---

[1] As defendants summarize:

> The Plaintiff alleges that the Defendants were deliberately indifferent to his medical needs after he was injured in June 2003....The Plaintiff further alleges that Defendant [Dane] Dasher subjected him to cruel and unusual punishment by withholding food from him for two weeks.

Doc. # 110 at 3-4.

In motion # 105, Sapeu objects to a purported Magistrate Judge's (MJ's) Order dated 8/17/07. The record reflects no such Order,[2] so this motion is denied.

In motion # 103, Sapeu complains that his medical records have been altered by the defendants. More specifically, two pages -- which support "the thrust of [Sapeu's] case against defendants in that [they] prov[e] deliberate indifference to his medical need" -- are missing. Doc. # 103 at 1-2.

Plaintiff also maintains that defendant Doctor Zellner Young's response to his interrogatories "has been completely altered forged [sic]." *Id.* at 3. Young's responses relied on The Georgia Department of Corrections' Standard Operations Policies (SOP). But those responses, Sapeu now contends, have been "strategically and completely altered, forged, and removed from the Court's records/Plaintiff's exhibit no. 5." *Id.* at 4.

Sapeu's motion # 104 essentially repeats his complaints about his medical records, and recites his persistent yet unsuccessful efforts to get a complete copy of same. He thus asks this Court to order the State to furnish him with one.

Plaintiff's "alteration" and "forgery" allegations are serious but best taken up at trial, where Sapeu can confront the defendants and impeach them, before the jury, in an effort to

---

[2] Sapeu's *in limine* motion had been referred to the MJ that day, doc. # 97, but it was later un-referred. *See* 8/20/07 docket entry.

show duplicity, if not also spoliation.[3] Should he make an adequate showing, the Court will consider granting him a spoliation inference instruction to the jury (basically, that they may consider what's missing as evidence of guilt on the constitutional violations alleged). The remainder of this motion goes to arguing the strength of Sapeu's case. *Id.* at 4-5. The Court denies his request for a pretrial hearing. *Id.*

Sapeu is entitled to a complete copy of his medical records in that such is relevant to his case. However, he is not entitled to them for free, so the Court grants his motion to the extent he requests a complete copy of his records *if* he can pay for same. If he has already paid but the State has in some way shortchanged him, then that, too, shall be taken up at trial.

In motion # 101, Sapeu requests that inmate witness Carl Sloans be produced as a witness on his behalf at trial. This motion is granted; in fact, it has already been implemented by this Court's Order located at doc. # 106.

To summarize, motion # 101 is ***GRANTED***,

---

[3] As another court recently explained:

> Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999) (*citing* Black's Law Dictionary 1401 (6th ed.1990)); *accord Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir.2001). "This obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation-most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation." *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998); *accord Silvestri*, 271 F.3d at 591. "Notice does not have to be of actual litigation, but can concern 'potential' litigation. Otherwise, any person could shred documents to their heart's content before suit is brought without fear of sanction." *Bayoil, S.A. v. Polembros Shipping Ltd.*, 196 F.R.D. 479, 483 (S.D.Tex.2000)(citing *ABC Home Health Serv., Inc. v. IBM Corp.*, 158 F.R.D. 180, 182 (S.D.Ga.1994)).

*Griffin v. GMAC Commercial Finance, L.L.C.*, 2007 WL 521907 at * 3 (N.D.Ga. 2/15/07) (unpublished) (footnote omitted). The *Griffin* court further explained that, to determine

> whether a spoliation sanction is warranted ... [a] court must consider the following factors: (1) whether plaintiff was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether defendant acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence provided by the spoliator were not excluded. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir.2005). "With regard to the fourth factor, [the] law does not require a showing of malice in order to find bad faith. The court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party." *Flury*, 427 F.3d at 946 (citations omitted).

*Id.* Here Sapeu alleges *no* destruction, just monkeying around with the record, evidently to try and mislead him and cover up guilt. Again, if that is all he can show, then that goes to impeachment rather than a spoliation instruction. Given the late hour, however, he may take this up with the Court at the start of trial.

2

motions # 103 and # 104 are ***GRANTED*** in part and ***DENIED*** in part. Finally, motion # 105 is ***DENIED***.

This 10 day of September, 2007.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA